UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-2533 JGB (SPx)** | Date | December 3, 2025 |
|---|---|---|---|
| Title | *Valerie A. Gonzalez v. AutoZoners, LLC, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 11); (2) TO SHOW CAUSE Why Plaintiff's Attorneys Should Not Be Sanctioned or Other Disciplinary Action Should Not Issue; and (3) VACATING the December 8, 2025, Hearing (IN CHAMBERS)

Before the Court is Plaintiff Valerie A. Gonzalez's motion to remand. ("Motion," Dkt. No. 11.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the motion, the Court **DENIES** the Motion and **VACATES** the December 8, 2025, hearing. Plaintiff's attorneys are **ORDERED TO SHOW CAUSE** why they should not be sanctioned, or other disciplinary action should not issue, in accordance with Footnote 1.

## I. BACKGROUND

On August 14, 2025, Plaintiff Valerie A. Gonzalez ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants AutoZoners, LLC ("AutoZoners"), and Does 1 through 20, inclusive. ("Complaint," Dkt. No. 1-1.) The Complaint alleges eight causes of action: (1) disability discrimination in violation of the California Fair Employment & Housing Act ("FEHA"), Cal. Govt. Code § 12940, et seq.; (2) FEHA retaliation; (3); failure to prevent FEHA violations; (4) retaliation for taking medical leave; (5) failure to provide reasonable accommodation; (6) failure to engage in the interactive process; (7) declaratory judgment; and (8) wrongful termination in violation of public policy. (See Complaint.)

On September 25, 2025, Defendant AutoZoners ("Defendant") removed the action based on diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.) On October 24, 2025, Plaintiff filed her Motion. (See Motion.) AutoZoners opposed the Motion on November 17, 2025. ("Opposition," Dkt. No. 12.) On November 24, 2025, Plaintiff replied. ("Reply," Dkt. No. 15.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III.   DISCUSSION

Neither party disputes that they are citizens of different states, as required by 28 U.S.C. § 1332(a). (See Motion; Opposition at 4.) They dispute only whether Defendant has shown that the amount in controversy exceeds $75,000.

The Court first considers whether it is "facially apparent" from the Complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). Here, the Complaint does not specify the amount of damages sought, stating only that Plaintiff seeks "a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, . . . for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity." (Complaint at 20.) Plaintiff also seeks punitive damages, attorneys' fees, and costs. (Id.) Plaintiff's state court filings indicated that the amount in controversy exceeds $35,000. ("Civil Case Cover Sheet," Dkt. No. 1-2.) Because the Complaint sets a floor for damages but does not provide a specific amount, the amount in controversy is not facially apparent.

When a complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons, 209 F. Supp. 2d at 1031. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The defendant bears the burden to establish the amount in controversy at removal. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014). This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer, 116 F.3d at 377). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198.

Defendant estimates that the amount in controversy exceeds $75,000. (See Opposition.) Plaintiff argues that Defendant's calculations of Plaintiff's lost wages, general damages, punitive damages, and attorneys' fees are speculative. (See Motion; Reply at 1, 3.) The Court considers whether Defendant's estimates satisfy the amount in controversy requirement by a preponderance of the evidence. Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 88.

Plaintiff seeks recovery of economic damages, including past and future lost wages. (See Complaint at 7, 25.) AutoZoners, in its notice of removal, contended that Plaintiff's lost income since her leave of absence and subsequent separation is $58,500, purportedly based on her Complaint alleging her compensation at the time of separation was $39,000 per year. (See Notice of Removal ¶ 13.) Yet Plaintiff's Complaint nowhere alleges any specific income, either hourly, annually, or otherwise. (See Compl.) Plaintiff argues that Defendant's lost wages calculation is "mere speculation" because Defendant did not provide any "sufficient evidence" or "admissible evidence" supporting it in their Notice of Removal. (See Mot. at 4-5.) But Plaintiff's argument misstates the legal standard. Defendant is not required to submit "summary judgment-type evidence" at the time of removal, as Plaintiff seems to contend. (Id. at 4; Reply at 1.) See Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 87-88.[1]

---

[1] This Court, and others, have repeatedly informed Plaintiff's counsel of the proper legal standard in other cases in this district, but Plaintiff's counsel has chosen to again rely on the same incorrect argument before this Court. See Ortega v. AT&T Services, Inc., 2023 WL 8530002, at *1 (C.D. Cal. Dec. 8, 2023); Pearson v. Walmart Assocs., Inc., No. EDCV232568JGBSHKX, 2024 WL 734481, at *2 (C.D. Cal. Feb. 21, 2024). Rule 3.3 of the California Rules of Professional Conduct is clear that "[a] lawyer shall not: knowingly* make a false statement of fact or law to a tribunal* or fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer." Cal. Rule Prof. Con. 3.3(a)(1). Given district courts' repeated instruction to Plaintiff's counsel that its cited standard is incorrect, the Court is concerned with Plaintiff's counsel's apparently inability to abide by basic expectations for candor to the tribunal as required of all attorneys practicing in this state. As such, each of Plaintiff's attorneys of record

Defendant is also permitted to use allegations in the Complaint to calculate the amount in controversy. See Simmons, 209 F. Supp. 2d at 1031 ("[T]he court may examine facts in the complaint."); Campbell v. Vitran Express, Inc., 471 F. App'x. 646, 648 (9th Cir. 2012) ("[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (internal quotations and citations omitted).

Defendant's lost wages calculation in the Notice of Removal is not credible, but the evidence provided in its Opposition is sufficient to demonstrate lost wages in an amount exceeding the jurisdictional minimum. Defendant, in its Notice of Removal, incorrectly attributed actual statements of Plaintiff's wages to the Complaint, though such statements are not present in the Complaint. (See Notice of Removal ¶ 13.) At the same time, Defendant makes other plausible calculations in the Notice of Removal that support an amount in controversy exceeding $75,000 with respect to general damages, punitive damages, and attorneys' fees and costs. (Id. ¶¶ 14, 15, 16.) "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 89.

Moreover, taking into account the evidence Defendant provided in support of the lost wages calculation in its Opposition, the Court finds additional support for satisfaction of the amount in controversy requirement. "Courts separate lost wages into two categories: past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." Thayer v. Securitas Security Services USA, Inc., 2021 WL 1263837, at *2 (C.D. Cal. Apr. 6, 2021). Contrary to Plaintiff's contention that Defendant's estimate of lost wages is "based entire on speculation and conjecture," Defendant's estimate of lost wages from the point of Plaintiff's termination to the date of removal is based on a sworn declaration of Defendant's Manager of Payroll Compliance. (Reply at 1; Opp'n at 7.) That declaration includes as exhibits Plaintiff's W-2s for 2022 and 2023, which reflect annual gross pay of $39,361 and $34,570.47, respectively. (See Declaration of Kevin Bussey in Opposition to Motion, Exs. A-B.) The Complaint alleges that Defendant forced Plaintiff onto leave on March 21, 2024, and wrongfully terminated Plaintiff's employment on April 12, 2025. (Complaint ¶ 28.) Based on Plaintiff's recent annual earnings and the fact that more than a year has elapsed since the point from which Plaintiff is claiming damages,

---

are **ORDERED TO SHOW CAUSE** in writing why they should not be sanctioned pursuant to (1) Rule 11(b), (c); (2) 28 U.S.C. § 1927; and (3) the inherent power of the Court to order sanctions for repeatedly citing an incorrect statement of law to the Court no later than 12:00 p.m., Pacific Standard Time, on **December 15, 2025**. The written submissions due on December 15, 2025, shall take the form of sworn declarations. **IT IS FURTHER ORDERED** that, should the parties have witnesses, their statements shall also be submitted in the form of a sworn declaration and filed by **December 15, 2025**. **IT IS FURTHER ORDERED** that the Court reserves the right to call a hearing for this matter based on the evidence received.

AutoZoners estimates that Plaintiff is demanding between $34,570 and $39,361 per year from the date her involuntary leave began, which is already over a year before the date of removal.

The amount in controversy estimate also includes future lost wages, calculated from the date of removal to an estimated date of trial. Ortega, 2023 WL 8530002, at *2 ("[T]he Court must take into consideration not just lost wages up until the time of removal, but beyond that point as well."). "[I]f the law entitles [a plaintiff] to recoup . . . future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018). "In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are *presently* in controversy." Id. (emphasis in original). In Chavez, the Ninth Circuit further clarified: "When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant." Id. While it was standard for courts in this district to decline projecting future lost wages, "[s]ince Chavez, district courts consistently have included as part of the amount in controversy *future wages* up to the expected date of trial in this action." Uloa v. California Newspaper Partners, 2021 WL 6618815, at *6 (C.D. Cal. Oct. 21, 2021).

Here, Defendant's future lost wages estimate is based on the reasonable assumption that a trial will occur "one year after removal." (Opp'n at 6.) See Fisher v. HNTB Corp., 2018 WL 6323077, at *5 (C.D. Cal. Dec. 4, 2018) ("[T]he Court finds Defendants' proposed date of trial for purposes of this motion—one year from the date of removal—is a conservative estimate of the trial date."); Beltran v. Procare Pharmacy, LLC, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) ("Next, the Court considers future wages. . . . [T]his Court will apply the conservative one-year prospective trial date."). Plaintiff's lost wages for this additional year would amount to another $34,570 and $39,361 in damages. (See Opposition at 7.) In total, between Plaintiff's leave date of March 21, 2024, and an estimated trial date of September 25, 2026, Defendant estimates 2.5 years of lost wages, amounting to between $86,425 to $98,402 in controversy. (Id.) The Court finds this estimate is reasonable.

Plaintiff also accuses Defendant of giving no weight to its affirmative defenses outlined in its Answer. (Reply at 3.) But the amount in controversy reflects the "amount at stake in the underlying litigation" and does not reflect the impact of affirmative defenses such as the duty to mitigate. Greene v. Harley-Davidson, 965 F.3d 767, 774 (9th Cir. 2020) ("The district court erred in considering the merits of Harley-Davidson's affirmative defense to determine the amount in controversy."); see also Geographic Expeditions, Inc. v. Est. of Lhotka ex. rel. Lhotka, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."); Jackson v. Compass Grp. USA, Inc., 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) ("[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.") (internal citations and quotations omitted). "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district

court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." Id. The Court notes that Plaintiff's counsel, as in Ortega and Pearson, also fail to "present[] any authority that the possibility of mitigation might matter." Ortega, 2023 WL 8530002, at *3; Pearson, 2024 WL 734481, at *4. As such, the Court does not consider any affirmative defenses.

The Court finds that Defendant's calculation of lost wages is reasonable, and the estimated amount in controversy for lost wages is between **$86,425 to $98,402**. This alone is sufficient to confer diversity jurisdiction, so the Court need not consider other potential amounts in controversy through general damages, punitive damages, or attorneys' costs and fees. Plaintiff's Motion is **DENIED**.

## IV.   CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion. The Court **VACATES** the December 8, 2025, hearing.

**IT IS SO ORDERED.**